FREUDENHEIM et al., Appellants, v. RADUZINER, Respondent. (City Court of New York, General Term. May 28, 1895.) Action by Julius Freudenheim and Isidore Abramson against Julia Raduziner. Edward Clark, for appellant. A. H. Berrick, for respondent.

CONLAN, J. This is an appeal from a judgment entered on a verdict by direction of the court, and from an order denying a motion for a new trial. Judgment affirmed on former opinion of this court. See 31 N. Y. Supp. 194.

FROHMANN, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. April 11, 1895.) Action by Morris Frohmann against the Manhattan Railway Company and another for an injunction and damages. F. Allis, for appellants. E. M. Felt, for respondent.

PER CURIAM. This action was brought to recover compensation for the fee value of the easements of light, air, and access pertaining to premises No. 725 Third avenue, and for past damages. The plaintiff's property consists of a house and lot on the east side of Third avenue at Forty-Fifth street. The lot is 19 feet 10 inches in front by 45 feet in depth. The house is an old-fashioned five-story brick building erected in 1866 or 1867. with a store on the ground floor and suite of apartments on each of the upper floors. The plaintiff purchased the premises in April, 1889. The court awarded $1,500 as compensation for the fee damage, and $500 for rental damages from April, 1889, to June 30, 1893. It is apparent upon an investigation of the evidence in this case that these awards were excessive. The valuation placed upon the premises in question by the expert upon the part of the plaintiffs does not at all coincide with the proofs offered as to the rentals received and the ratio sworn to by this witness between rental and fee value. The premises have undoubtedly to some extent been damnified by the presence of the elevated railroad, both in rental and fee value. We think that the fee damages should have been awarded at the sum of $900 and the rental damages at $300, and that the judgment should be reduced to those figures, and the extra allowance proportionately reduced; and, as modified, the judgment should be affirmed, without costs.

GABRIEL et al. v. ARNOTT et al. (Supreme Court, General Term, F.rst Department. April 11, 1895.) Action by Max Gabriel and another against William H. Arnott and others. No opinion. Judgment affirmed on opinion of Parker, J., in Asphalt Co. v. Arnott (Sup.) 33 N. Y. Supp. 343.

GARDENIER, Appellant, v. ALLPORT, Respondent. (Supreme Court, General Term, Fourth Department. November, 1894.) Action by William H. Gardenier against Amos Allport. No opinion. Motion denied. See 31 N. Y. Supp. 1127.

GERMAN–AMERICAN INV. CO., Appellant, v. HAYES et al., Respondents. (Supreme Court, General Term, First Department. May 17, 1895.) Action by the German-American Investment Company against W. J. Hayes and others. E. P. Wheeler, for appellant. W. H. Harris, for respondents.

PER CURIAM. The decision of the special term was authorized by the case of Lumber Co. v. Bussell (Sup.) 31 N. Y. Supp. 1107. The order should be affirmed, with $10 costs and disbursements.

GIEHL, Appellant, v. EVANS et al., Respondents. (Supreme Court, General Term, Fourth Department. November, 1894.) Action by Maria Giehl against Edward Evans and John Giehl. No opinion. Judgment reversed, and a new trial ordered, with costs to abide the event.

GILCHRIST, Respondent, v. COLLINS, Appellant. (Supreme Court, General Term, Fourth Department. November, 1894.) Action by James Gilchrist against Wallace W. Collins. No opinion. Judgment and order reversed on the law and facts, and a new trial ordered, with costs to abide the event.

GLEESON, Appellant, v. BRUMMER, Respondent. (Supreme Court, General Term, First Department. April 11, 1895.) Action by Sarah Gleeson, as administratrix, against John Brummer. No opinion. Reargument ordered.

GOETTING, Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, General Term, First Department. April 11, 1895.) Action by George Goetting against the Manhattan Railway Company and others. S. Babcock, for appellants. E. M. Felt, for respondent.

PER CURIAM. The only question which it is necessary to consider is that in regard to the amount of the award. The other points which have been raised upon this appeal have been disposed of in previous cases, and it is not necessary now to rediscuss them. We think, upon an examination of the testimony, that the award is larger than the evidence warranted. It seems to us that the same should be reduced to the sum of $1,500 fee damage, and $931.50 rental damage, and for these amounts the judgments should be affirmed, without costs.

HAHNENFIELD, Appellant, v. JACOBSON, Respondent. (Supreme Court, General Term, First Department. April 11, 1895.) Action by John Hahnenfield against David Jacobson. Thos. Nolan, for appellant. G. E. Joseph, for respondent. No opinion. Appeal dismissed, with $10 costs.